UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
ADAM WAPNIAK, R.A.,

                     *Plaintiff,*

                    *- against -*

THE CITY OF NEW YORK; FIRST DEPUTY
COMMISSIONER, ERIC BRETTSHCNEIDER, in his
individual and official capacities; DEPUTY
COMMISSIONER, MITCH GIBSON, in his individual
and official capacities; DEPUTY COMMISSIONER,
SUSAN NUCCIO, in her individual and official capacities;
DEPUTY COMMISSIONER, JOSEPH CARDIERI, ESQ.,
in his individual and official capacities; DIRECTOR OF
EMPLOYMENT SERVICES, WILLIE MAYE, JR., in his
individual and official capacities; ASSISTANT
COMMISSIONER FOR FACILITIES, ANNA COLARES,
in her individual and official capacities; CHIEF OF STAFF
TO FIRST DEPUTY COMMISSIONER, DEBORA
MACK, in her individual and official capacities; and JOHN
AND JANE DOES NOS. 1-10.

                     *Defendants.*
------------------------------------------------------------------- X

17-cv-2799 (PAC)

**OPINION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-16-17

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Adam Wapniak brings this action against the City of New York and various city officials (collectively "defendants") following the termination of his employment with the New York City Administration for Children's Services ("ACS"). On May 16, 2016, ACS hired Wapniak as an Engineering Audit Officer on a provisional basis. He reported a number of potential rule violations both to his superiors and to the Comptroller's Office. After making these reports, he was demoted on June 17, 2016 to a permanent architect position with a probationary period. As a result of his demotion, he filed a complaint with the NYC Department of Investigation, seeking whistleblower protection. One week later, on June 24, 2016, he was

1

fired. Wapniak did not bring an Article 78 proceeding in state court to challenge these adverse employment actions. Instead, he brought this suit against defendants in federal court, alleging violations of (1) due process, (2) equal protection, (3) N.Y. Civil Service Law § 75-b, and (4) N.Y. General Municipal Law § 51. Defendants now move to dismiss the complaint. For the reasons that follow, the Court dismisses Wapniak's federal claims with prejudice and his state-law claims without prejudice.

First, the availability of an Article 78 proceeding defeats Wapniak's due process claim. Article 78 of the New York Civil Practice Law is "the customary procedural vehicle for review of administrative determinations" in New York. *Mitchell v. Fishbein*, 377 F.3d 157, 170 (2d Cir. 2004) (citation omitted). The law is clear that, when addressing "claims based on random, unauthorized acts by state employees," due process "is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation remedy." *Hellenic Am. Neighborhood Action Comm. V. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). Random, unauthorized acts include acting "in flagrant violation of [state or local law]" by taking adverse employment actions "without according any of the protections set forth in [state or local law]." *Id.* at 881. And the Second Circuit has "held on numerous occasions that an Article 78 proceeding is a perfectly adequate postdeprivation remedy" in such situations. *Id.*

Wapniak contends that an Article 78 proceeding "was not an adequate post-deprivation remedy" in his case because "an Article 78 is either inapplicable to this case or does not provide a sufficient state law remedy." ECF 43 at 8, 13. He argues that he could not raise his claims in an Article 78 proceeding because "no process was provided," so "no administrative

determination was made," and thus he could not raise the issue of "whether a determination was made in violation of lawful procedure." *See* N.Y. C.P.L.R. § 7803(3).

While there was no predeprivation hearing, that does not mean there was no "determination." The City determined to fire him. Although its determination was not preceded by a hearing, Wapniak's complaint that he did not receive a hearing could have been raised in an Article 78 proceeding. *See Campo v. New York City Employees' Retirement Sys.*, 843 F.2d 96, 101 (2d Cir. 1988) ("An Article 78 court can . . . decide if a remand for an administrative hearing is required.").

Wapniak also complains that he could not receive damages related to his wrongful discharge in an Article 78 proceeding. Nevertheless, "[a]n Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit." *Hellenic*, 101 F.3d at 881. Moreover, even though an Article 78 proceeding is now time-barred, Wapniak may not "resuscitate [his] due process claim simply because an Article 78 proceeding is now barred by Article 78's four-month statute of limitations." *See id.* at 881.

Thus, because Wapniak had the opportunity to institute an Article 78 proceeding, he has failed allege a cognizable due process violation. *See id.* at 882 ("[T]here *is no* constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty." (citations omitted)).[1]

---

[1] As a result, it is not necessary to address defendants' argument that Wapniak had no property interest in his employment. Nevertheless, the Court notes that Wapniak was a provisional and probationary employee and had no civil service status. Thus, he seemingly had no such property interest. *See Preddice v. Callanan*, 506 N.E.2d 529, 529 (N.Y. 1987); 4 N.Y.C.R.R. § 1.1.

3

Accordingly, the Court dismisses his due process claim with prejudice under Federal Rule of Civil Procedure 12(b)(6).

Second, Wapniak's equal protection claim is foreclosed by the Supreme Court's decision in *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591 (2008). Wapniak does not allege that he is a member of a protected class, such as race, sex, or national origin. Rather, the crux of his claim is that he is a class of one and that "[t]here is no rational basis for the difference in treatment between [him] and others similarly situated." *See* ECF 1 at ¶ 144. As the City points out, *Engquist* bars the use of this "class-of-one" theory in the public employment context. Wapniak's response takes liberties with *Engquist*, claiming that it "merely states 'the class-of-one-theory of equal protection . . . is simply a poor fit in the public employment context' [but] does not *per se* bar its use." ECF 43 at 20. The opinion in *Engquist* could not be clearer. *See* 553 U.S. at 594 ("We hold that such a 'class-of-one' theory of equal protection has no place in the public employment context."); *id.* at 598 ("[T]he class-of-one theory of equal protection does not apply in the public employment context."). Similarly, Wapniak mistreats the holdings in two lower court cases, stating that they narrowly read *Engquist* as not barring "class-of-one" in the public employment context, when in fact they do nothing of the sort. *See Vlahadamis v. Klernan*, 837 F.Supp.2d 131, 143-45 (E.D.N.Y. 2011) (analyzing whether the reasoning in *Engquist* "had the effect of eliminating all selective enforcement claims"); *Conyers v. Rossides*, 558 F.3d 137, 151-52 (2d Cir. 2009) (recognizing that *Engquist* "rejects" the class-of-one theory in this context, and affirming dismissal of plaintiff's claim because he did "not assert an employment-related equal protection claim arising out of his membership in any particular

group"). Therefore, Wapniak fails to allege a cognizable equal protection violation, and the Court dismisses his equal protection claim with prejudice under Rule 12(b)(6).[2]

Third, upon dismissing all of the federal claims, the Court declines to exercise supplemental jurisdiction over the two remaining state-law claims. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Here, comity in particular suggests that a state court decide these sensitive issues of state law. For example, defendants contend that Wapniak has not adequately pled a violation of N.Y. Civil Service Law § 75-b because he "does not make any allegation that he disclosed any violation of federal, state or local law, rule, or regulation." ECF 40 at 9-10. Wapniak's complaint, however, alleges that he reported at least nineteen separate irregularities and identifies some of them as violations of "city protocols and procedures" and agency "rules," which "placed the City at risk for waste, fraud, and abuse." ECF 1 at ¶ 70(h)(m)(o)(q)(r). The Court finds that is more appropriate for a state court to decide whether such allegations suffice to state a claim under N.Y. Civil Service Law § 75-b. Therefore, the Court declines to exercise jurisdiction over these claims, and it dismisses them without prejudice.

---

[2] Wapniak also raises a separate claim against the City alleging municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1976). ECF 1 at 24-26. As a result of the dismissal of both federal constitutional claims, Wapniak's *Monell* claim necessarily fails. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation.").

For the foregoing reasons, the Court GRANTS the motion to dismiss. The Clerk of the Court is directed to terminate this case.

Dated: New York, New York
November 16, 2017

SO ORDERED

*Paul A. Crotty*

PAUL A. CROTTY
United States District Judge